UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ARNELL GILMER,

        Plaintiff,

    v.                                          Case No. 20-C-324

CAPT. JAMES ELSINGER and
SGT. JOHN LANNOYE,

        Defendants.

## DECISION AND ORDER GRANTING DEFENDANTS'
## MOTION FOR SUMMARY JUDGMENT

      Plaintiff Arnell Gilmer, who is serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed this action pursuant to 42 U.S.C. § 1983, alleging Defendants Sergeant Lannoye and Captain Elsinger were deliberately indifferent to his serious medical needs when they ignored his complaints of chest pain on June 11, 2019. This matter comes before the court on Defendants' motion for summary judgment on exhaustion grounds. For the reasons that follow, Defendants' motion for summary judgment will be granted and the case will be dismissed without prejudice.

## BACKGROUND

      On June 15, 2019, Gilmer submitted two inmate complaints about Defendants asserting that they ignored his complaints of chest pain on June 11, 2019. Pl.'s Proposed Findings of Fact (PPFOF) ¶¶ 3–4, Dkt. No. 22; Dkt. No. 24-1 at 2–3. The institutional complaint examiner (ICE) received the complaints on June 17, 2019, but indicated in a letter that the submissions would not be accepted because Gilmer could only file one complaint per calendar week, unless the complaints concerned health and safety or the Prison Rape Elimination Act. The ICE returned the complaints

and directed Gilmer to choose which of the two complaints he wished to submit for that calendar week.  PPFOF ¶ 5;  Dkt. No. 24-1 at 4.

Gilmer resubmitted an inmate complaint, GBCI-2019-10803, which was accepted for filing by the ICE the next day.  Defs.' Proposed Findings of Fact (DPFOF) ¶ 2, Dkt. No. 16; Dkt. No. 17-2.  The Reviewing Authority dismissed the complaint based on the ICE's recommendation. Dkt. No. 17-2 at 4.  Gilmer did not appeal to the Corrections Complaint Examiner.  DPFOF ¶ 3.

On June 24, 2019, Gilmer filed an inmate complaint, which was received by the ICE on June 26, 2019, regarding the ICE's arbitrary rejection of his two inmate complaints about his chest pains and the ICE's refusal to allow Gilmer to file two health and safety complaints in the same week.  PPFOF ¶ 6; Dkt. No. 24-1 at 5.  That complaint was not accepted for filing because the complaint either exceeded 500 words or exceeded two pages.  PPFOF ¶ 7; Dkt. No. 24-1 at 6.  On July 3, 2019, Gilmer filed an inmate complaint appeal regarding the rejection of his June 24, 2019 inmate complaint.  PPFOF ¶ 8; Dkt. No. 24-1 at 7–8.  The CCE did not accept the appeal, explaining that the appeal was being returned because it did not list the complaint file number. PPFOF ¶ 9; Dkt. No. 24-1 at 9.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that the is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the burden of showing that there are no facts to support the nonmoving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). Summary judgment

is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotation marks omitted).

## ANALYSIS

Defendants assert that this case should be dismissed because Gilmer failed to exhaust his administrative remedies. The PLRA provides that a prisoner cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that a prisoner comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). A plaintiff's failure to properly exhaust each step of the process constitutes a failure to exhaust available administrative remedies. *Id.* The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 526, 532 (2002). The purpose of § 1997e(a) is to "permit the prison's administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005)); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Wisconsin has implemented the Inmate Complaint Review System (ICRS) under which inmate grievances concerning prison conditions or the actions of prison officials are "expeditiously raised, investigated, and decided." Wis. Admin. Code § DOC 310.01. Under the ICRS, an inmate must file a complaint with the institutional complaint examiner (ICE) within 14 calendar days after the events giving rise to the complaint occur, unless good cause exists to excuse a delay. *Id.* § DOC

3

310.07(2). The ICE has the authority to return, investigate, or reject the complaint. *Id.* § DOC 310.10. The inmate may appeal the rejection of the complaint to the appropriate reviewing authority within 10 calendar days. *Id.* § DOC 310.10(10). The Reviewing Authority shall make a decision within 15 days following receipt of the recommendation or appeal of a rejected complaint. *Id.* § DOC 310.11(1). The Reviewing Authority's decision is final. An inmate may appeal the Reviewing Authority's decision within 14 days after the date of the decision by filing a typed or legibly printed request for review with the correction complaint examiner (CCE). *Id.* § DOC 310.12(1). After reviewing an appeal, the CCE recommends a decision to the Department of Corrections (DOC) Secretary, who adopts or rejects the recommendation. *Id.* §§ DOC 310.12; DOC 310.13. The failure to properly exhaust each step of the grievance process before filing a lawsuit constitutes a failure to exhaust administrative remedies. *Pozo*, 286 F.3d at 1025.

Defendants maintain that Gilmer failed to exhaust his available administrative remedies because he did not pursue each step within the administrative process before filing his lawsuit. In particular, Defendants assert that Gilmer did not appeal the Reviewing Authority's dismissal of inmate complaint GBCI-2019-10803. Gilmer argues that the ICEs prevented him from properly exhausting his administrative remedies because they would not accept the two inmate complaints regarding Defendants' deliberate indifference that he filed on June 15, 2019. But the ICEs did not prevent him from exhausting his administrative remedies, as Gilmer resubmitted an inmate complaint relevant to the issues in this case, GBCI-2019-10803, the day after the ICE returned his complaints. The Reviewing Authority dismissed that complaint on July 5, 2019. Once the complaints were denied, rejected, or dismissed, Gilmer was required to appeal that decision. Gilmer completely failed to file an appeal regarding any of the complaints related to the issues in this case, and Gilmer has presented no evidence to establish that he was prevented from doing so.

4

Gilmer also asserts that he did all that was required to exhaust his administrative remedies because he appealed his rejected complaint regarding the ICE's refusal to accept his two health and safety complaints filed in the same week, but that issue is unrelated to the issues Gilmer was permitted to proceed on in this case—that Defendants were deliberately indifferent to his serious medical needs. In any event, Gilmer failed to properly exhaust that issue, as his appeal did not include the inmate complaint number and thus failed to comply with the procedural requirements set forth in the Administrative Code. *See Woodford*, 548 U.S. at 91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

In short, the court finds that Gilmer did not complete the grievance process regarding his claims that Defendants were deliberately indifferent to his serious medical needs as required by § 1997e(a). When the failure to exhaust is the prisoner's fault, his claim must be dismissed. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). Accordingly, the court will grant Defendants' motion for summary judgment.

## CONCLUSION

For these reasons, Defendants' motion for summary judgment on exhaustion grounds (Dkt. No. 14) is **GRANTED**. This case is dismissed without prejudice based on Gilmer's failure to exhaust his administrative remedies. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 31st day of July, 2020.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge